IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS A. CORA REYES,

    Plaintiff,

    v.

PUERTO RICO AQUEDUCT AND
SEWER AUTHORITY (PRASA), ET AL.,

    Defendants.

CIVIL NO. 08-1239 (FAB/CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Luis A. Cora Reyes (hereafter plaintiff "Cora-Reyes") filed an Amended Complaint against defendants for civil rights violations under Title 42, United States Code, Sections 1983, 1985, 1986, Title 38, United States Code, Section 4301 (Uniformed Services Employment and Re-employment Act known as "USERRA") and Title 5, United States Code, Section 3501 (Veterans' Preference Act) as well as damages under the laws of the Commonwealth of Puerto Rico, in particular Articles 1802 and 1803, and Law Nos. 115 and 100 on discrimination. (Docket No. 24).

The Amended Complaint includes as a defendant the Puerto Rico Aqueduct and Sewer Authority ("PRASA"), the public corporation where plaintiff Cora-Reyes is employed as a career employee and wherein he alleges a constitutional violation because of discrimination due to political affiliation and for related local laws.  It also includes as defendants the heads of the agency at various times, Eng. Jorge Rodríguez and Eng. José Ortíz Vázquez, in their official and personal capacities, Mr. Pablo Reyes Bonilla, then Chief

of Occupational Hygiene, Attorneys Obed Morales and Esteban Cátala Núñez, Legal

Counsels for PRASA, Attorney Belkin Reyes of the Personnel Division, Mr. José Molina and

Mr. José S. Medina Cruz of Corporate Security.

Defendants filed a joint Motion to Dismiss, with their respective individualized

relevant grounds for dismissal. Defendants seek dismissal of plaintiff Cora-Reyes' claims

for civil rights violation on account of his political affiliation on grounds the factual

allegations of the complaint fail to sustain the material elements necessary for allowing

relief under some actionable theory. As such, plaintiff has failed to state a claim upon which

relief can be granted. Fed.R.Civ.P. 12(b)(6).[1] Defendants aver that, although plaintiff has

claimed repeatedly he is a member of the New Progressive Party ("NPP") and defendants

are members of the opposing political party, the Popular Democratic Party ("PDP"), he has

not been discharged from employment and any challenge to employment actions

undertaken at PRASA would need to be subject of unreasonable inferior work environment

when compared to the norm of the position. The changes disputed by plaintiff Cora-Reyes

must be of such magnitude which would cause reasonably hardy individuals to compromise

their political beliefs as to which the complaint herein does not pass muster. *See* Agosto

de Feliciano v. Aponte Roque, 889 F2d. 1209, 1218 (1st Cir. 1989); Bisbal-Ramos v. City of

Mayaguez, 467 F.3d 16, 22 (1st Cir. 2006). (Docket No. 42).

---

[1] Fed.R.Civ.P. 12(b)(6) provides:
    b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:    ....
    (6) failure to state a claim upon which relief can be granted;

Luis A. Cora Reyes v. Puerto Rico Aqueduct and Sewer Authority (PRASA), et al
Civil No. 08-1239 (FAB/CVR)
Opinion and Order
Page 3

The parties have entertained multiple filings, replies and sur-replies on the issue of dismissal. (Docket Nos. 69, 94, 96, 100, 112, 114).[2]  Plaintiff requested thereafter voluntary dismissal as to the cause of action against all defendants that had been claimed under the Fifth Amendment. (Docket Nos. 111, 112).  On December 19, 2008, dismissal was granted, as requested. (Docket No. 116).

The parties consented to jurisdiction by this Magistrate Judge for all further proceedings. (Docket No. 31).

## MOTION TO DISMISS STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).  A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory."  Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss.  Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (citing Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

---

[2]  These additional pleadings have served little purpose in the submission of well delineated legal argument in further support or opposition to dismissal  and are evidence of  a facetious  style of both parties' attempt to have the last word regardless of the substantive merit of their contentions. See Docket Nos. 141 and 143, among others.

The Supreme Court most recent opinion changes the standard for a motion to dismiss so that plaintiffs will now have to include more information in their pleadings if they want to survive a 12(b)(6) motion.  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).[3]  The First Circuit has already cited to this decision and has already noted this new standard in Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), copied in part below:

> At the outset, we note that even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). In so doing, the Court disavowed the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Twombly, 127 S. Ct. at 1969. The Court found that the "no set of facts" language, if taken literally, would impermissibly allow for the pleading of "a wholly conclusory statement of [a] claim," and that "after puzzling the profession [**8] for 50 [*96] years, this famous observation has earned its retirement." Id. at 1968, 1969.

## LEGAL ANALYSIS

### A.    First Amendment Claims.

Defendants submit dismissal of plaintiff Cora-Reyes' First Amendment claims is appropriate for having failed to meet the standard of a *prima facie* case.  They claim the sole allegation of belonging to opposing political parties is insufficient to establish a violation or a discriminatory animus. Defendants argue plaintiff Cora-Reyes linked in the complaint a series of events related to his work which transpired during a year and a half

---

[3]   No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face.  Bell Atlantic, 127 S.Ct. at 1974.

Luis A. Cora Reyes v. Puerto Rico Aqueduct and Sewer Authority (PRASA), et al
Civil No. 08-1239 (FAB/CVR)
Opinion and Order
Page 5

prior to the transfer.  Since plaintiff avers in the Amended Complaint such transfer was a discriminatory act, which resulted in change in job duties, but since there is not even an allegation of plaintiff's participation in a protected activity, defendants further submit the complaint lacks temporal proximity and causal connection between the challenged employment action and any conduct protected by the First Amendment.  Plaintiff Cora-Reyes' salary, benefits or rights as a public employee were never affected and he even received a salary increase during August and November of 2007.

Plaintiff Cora-Reyes' opposition to defendants' request for dismissal avers having submitted in the Amended Complaint a pattern of discrimination and sufficient allegations to survive a Rule 12(b)(6) motion under the short and plain statement requisite of Fed.R.Civ.P. 8(a).  Plaintiff Cora-Reyes states he has presented sufficient claims, which under a motion to dismiss are to be taken as true, that he and defendants belong to opposing political parties; defendants had knowledge of plaintiff's affiliation; he made factual claims of a constructive demotion and essential duties of the position being affected; and in light of his record of a distinguished employee up until the political discrimination pattern was initiated in 2002, evidence will sustain political affiliation is a substantial and motivating factor behind the adverse employment decisions taken by defendants.

The Amended Complaint refers to plaintiff Cora-Reyes having received notice of being transferred by March 8, 2007, from his previous work site in the town of Caguas, which was nearby his usual place of residence, to the PRASA Central Building in Hato Rey, Puerto Rico, contrary to the administrative procedures at PRASA.  *Complaint ¶¶38-42.* Cora-Reyes was not provided payment for the remuneration which is part of the transfer

nor for mileage. *Id. ¶44.* At the new office, he was advised by co-defendant Morales he was going to perform duties at the office, instead of the usual duties of his position. *Id. ¶46.* By April 26, 2007, Cora-Reyes was notified his career position was to be eliminated. *¶Id. 47.*

Plaintiff Cora-Reyes submits the above employment actions were done for political reasons since it was known to defendants he was an active member of the NPP and defendants are active members of the PDP. *Complaint ¶51.* Plaintiff followed the administrative proceedings at PRASA to object the transfer and, although initially denied, it is still pending appeal. Plaintiff Cora-Reyes' previous work duties as a Workmen Accident Investigator were then being performed by Attorneys Roxana Rivera and Margarita Ortíz González, Human Resources Specialist. *Id. ¶72, 73.* Effective July 19, 2007, plaintiff Cora-Reyes was again transferred and his position reclassified as Special Investigator. He was demoted from a scale position 16 to the scale 11, which required to comply with a six (6) months probationary period although he had been a career employee at PRASA. *Id. ¶74.* Plaintiff additionally states that, since the transfer on July 19, 2007, he has been subjected to hostile work environment and persecution, including among others, denial of training, capacitation and education, working in a cubicle without equipment, telephone or conference room, being left without work, not receiving performance evaluations to end his new probationary period, and receiving letters informing he was not complying with his responsibilities or routine activities at PRASA. *Id. ¶¶79-85.*

In the opposition, plaintiff submits he has presented sufficient *prima facie* evidence that the work conditions upon his transfer were unreasonably inferior to the norm after having been a career employee at PRASA since 1990. It was not until the government

administration for a new political party changed that a pattern of discrimination began against plaintiff, where he was transferred, demoted, and his duties were perform by other individuals.  His numerous meetings and administrative proceedings to rebut the adverse employment actions have been to no avail.

First Amendment protects non-policy public employees from adverse employment actions based on their political affiliation.  To establish political discrimination in violation of First Amendment a government employee, with or without tenure, must meet the *prima facie* burden of establishing there was an adverse employment action and same was motivated by political discrimination.[4]  Morales Tañón v. P.R. Elec. Power Authority, 524 F.3d 15 (1st Cir. 2008).

Although mere juxtaposing that plaintiff was a member of one party and defendants were affiliated with the controlling party would be insufficient, standing alone, to create a causal link of political discrimination, the allegations in the Amended Complaint as to adverse employment action and at least a minimal link with political considerations being the reason for same, frames at this stage a viable constitutional claim and, thus, survives defendants' request for dismissal.[5]

---

[4] Adverse employment action includes not only discharge and demotions but also refusal to promote, transfer, no recall after layoff or even failure to hire.

[5] Plaintiff Cora-Reyes has also claimed he was an excellent employee who had received commendations prior to the change in government administration; he was transferred without following the administrative proceedings in existence and was denied transportation expenses.  Plaintiff had also claimed he was left without duties and was not assigned work, was placed in a cubicle and/or the library and had no telephone.  He was constantly reprimanded for not carrying duties for which no training or assistance was provided and even on one occasion at a meeting where he was being sanctioned for not performing a tasks was not allowed to go back to his nearby desk to retrieve the work he had indeed already completed and showed same to the supervisor.

## B.  Section 1983 Cause of Action.

### 1.  Defendants' Liability.

Defendants request dismissal as to Section 1983 liability for having plaintiff failed to allege personal liability of defendants in their personal capacity and/or supervisor liability.  As to the former heads of agency, Jorge Rodríguez and José Ortíz Vázquez, defendants claim liability is unsupported because the complaint merely states the positions they held and a scarce interaction with plaintiff Cora-Reyes.  (Docket No. 42, p. 14 at B).

Plaintiff Cora-Reyes submits he has presented in the Amended Complaint specific politically discriminatory and retaliatory acts attributed to defendants.  Whether the allegations amount to altered work environment which may be unreasonably inferior to the norm, is a question of fact for the jury and not to be determined at the level of a motion to dismiss.

Plaintiff Cora-Reyes submits defendant Engineer Reyes-Bonilla personally delivered to him a letter advising him of the duties of plaintiff's position that had been assigned, as well as authorizing duties which were not related to Cora-Reyes' position.  The letter resulted in having Cora-Reyes not being authorized to perform some of the duties of his job because he was then not informed nor allowed to request any decisions regarding employees at the State Insurance Fund ("SIF").  Defendants Morales-Colón and Belkin Nieves notified plaintiff of the second transfer and reclassification of the position as Special Investigator, which he considers a demotion, as well as the imposition of a new probationary period.

Plaintiff Cora-Reyes submits that as to co-defendants Reyes Bonilla and Morales, they attempted to meet with the SIF's Medical Director to obtain release from leave of rest of several of PRASA's employees without further treatment, which plaintiff opposed. Having requested those instructions in writing and being refused, Cora-Reyes continued with his job duty to make visits at the SIF and the above co-defendants stopped paying for plaintiff's travel expenses as well, as to take duties away from Cora-Reyes as of 2007. Also, during March and July of 2007, plaintiff Cora-Reyes was twice transferred from his place of employment without following administrative proceedings and received a letter from Morales-Colón and from Belkin Nieves regarding reclassification which entailed a change of scale in the position.

However, the only claim as to co-defendant Eng. José A. Ortíz, who became thereafter the Executive Director of PRASA, was having Cora-Reyes sent him a letter in regard to the transfer which was unanswered by said defendant. *Amended Complaint ¶77*. Regarding claims as to co-defendant Medina Cruz, plaintiff held a conversation as to his transfer, which said co-defendant answered it had been Attorney Belkin Nieves' decision and Cora-Reyes should take it or resign from the position. *Id. ¶80*. In another conversation plaintiff held with Medina Cruz they discussed that Cátala Núñez was not assigning him any work, Medina advised he would meet with co-defendant Cátala but nothing was resolved. *Id. ¶90*. While in another meeting with Catála Núñez, Medina Cruz was present when trying to convince plaintiff Cora-Reyes not to attend Senate hearings for which subpoena had been served. *Id. ¶91*. No discriminatory comment or action is personally attributed to Medina Cruz nor any claim of supervisory liability as the Assistant Director of Corporate

Security over the actions of Cátala Núñez who is identified in the captioned as the Labor Legal Counsel at PRASA and in the body of the Amended Complaint as Cora-Reyes' supervisor and Head of the Internal Security Division. *Amended Complaint ¶88.* Medina Cruz is co-defendant Cátala Núñez' supervisor and by inaction he is claimed to have defended, protected and approved said co-defendant's acts against plaintiff Cora-Reyes. *Id. ¶¶115, 121.*

Co-defendant José Molina, who was the Director of Corporate Security in 2007, is claimed to have knowledge of the letter plaintiff Cora-Reyes wrote informing about being sent to work at the library and a conference room by co-defendant Cátala Núñez but he did not intervene. *Amended Complaint ¶112.*

To establish liability against defendants for political discrimination, plaintiff Cora-Reyes needs to show a challenged conduct attributable to a person acting under color of state law and such conduct deprived plaintiff of rights secured by the constitution or laws of the United States. Defendants Ortíz, Medina Cruz and Molina are not identified in the Amended Complaint as taking any action against plaintiff Cora-Reyes, mostly on having failed to take an action or answer a letter plaintiff send to them complaining of acts of his supervisor or the previous head of the agency. An individual must have acted on his own or must have been responsible under supervisory liability by encouraging or acquiescing to the discriminatory acts by more than just non taking action, except when such inaction can be characterized as encouragement, condonation, acquiescence or gross negligence of a supervisor that could amount to deliberate indifference.

A review of the Amended Complaint shows that it lacks any basis to support the participation of co-defendants Ortíz, Medina Cruz and Molina in the discriminatory acts claimed and not a discriminatory comment. Their inaction, as submitted in the complaint, cannot amount to deliberate indifference for gross negligence to establish supervisory liability, for which claims as to co-defendants Eng. José A. Ortíz, José S. Medina Cruz and José Molina may not survive the requested dismissal.

Since we are dealing at the level of a motion to dismiss wherein the requisite for a *prima facie* case and thereafter the shifting burden of a Mt. Healthy defense[6] is not an issue, plaintiff Cora-Reyes claims and supporting allegations will allow his Section 1983 action to survive as to all defendants, except for co-defendants Eng. José A. Ortíz, José S. Medina Cruz and José Molina.[7]

### 2. Whether the §1983 Action is Time-Barred.

Section 1983 borrows its limitations period from state law, that is, a one-year statute of limitations that applies in the Commonwealth of Puerto Rico. *See* Morales-Tañon v. P.R. Elec. Power Auth., 524 F.3d 15, 18 (1st Cir.2008). Federal law determines when the statute of limitations begins to run. Marrero-Gutiérrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007). A Section 1983 claim generally accrues when the plaintiff knows, or has reason to know, of the injury on which the action is based, *id.* (*quoting* Guzmán-Rivera v. Rivera-Cruz, 29 F.3d

---

[6] Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977).

[7] Still, where a challenged employment action falls short of discharge or dismissal, plaintiff will need to show by clear and convincing evidence he was subjected to an unreasonable inferior work environment when compared to the norm for the position. Plaintiff will need to show permanent or at least sustained worsening conditions to reach the threshold of constitutional injury. Agosto-De-Feliciano, 889 F.2d 1217-1219.

3, 5 (1st Cir. 1994)), and plaintiff is deemed to know or have reason to know at the time of the act itself, not at the point that the harmful consequences are felt. *Id.* at 6.

For herein plaintiff, the clock at the latest began to run, for purposes of section 1983, when he received the reclassification letter notifying him that he was being appointed to another position which he considered a demotion from a previous scale and was then subject to a new probationary period.[8] *See generally* Del. State Coll. v. Ricks, 449 U.S. 250, 261-62, 101 S.Ct. 498 (1980) (*holding* the statute of limitations in a Title VII case began to run when a university professor received notice that his tenure would be denied not when his employment ended one year later); *accord* Campbell v. BankBoston, N.A., 327 F.3d 1, 10-11 (1st Cir.2003). *See also* Moran Vega v. Cruz Burgos, 537 F.3d 14 (1st Cir. 2008). Plaintiff Cora-Reyes filed the initial complaint in this federal case on February 26, 2008. (*Docket No. 1*).

Furthermore, plaintiff Cora-Reyes submits the claims are but a pattern of political discrimination, harassment, retaliation and violation of constitutional rights since the change in government administration in the year 2002, which seemly escalated to the adverse employment action he claims to have occurred with the prescriptive period for a §1983 claim in the year prior to the filing of the complaint.[9]

---

[8]   The second transfer of July 19, 2007, took place and the position reclassified from Workmen's Accident Investigator to Special Investigator, being demoted from the scale position number 16 to the scale position 11. *Amended Complaint ¶74.*

[9]   Actions claimed as a discriminatory pattern referred to have started in the year 2002 through 2007, although not subject to dismissal at this juncture, may be examined through summary judgment under the continuous violation requisite or in the absence of any tolling, as well as harassment.

Luis A. Cora Reyes v. Puerto Rico Aqueduct and Sewer Authority (PRASA), et al
Civil No. 08-1239 (FAB/CVR)
Opinion and Order
Page 13

The alleged discriminatory action insofar as the transfer of employment twice and the reclassification of his job which carried a new probationary period of six months and a different scale, fall within the one year statute of limitation allowed for Section 1983 claims, for which said claims are not considered as time-barred.

## C. Other Retaliatory Actions Claimed.

Plaintiff Cora-Reyes has also claimed he was denied payment of work days for attending and testifying before the Puerto Rico Senate Commission he had been subpoenaed as to pollutants at PRASA and some employees' complaint of heavy metal contamination.  Plaintiff Cora-Reyes stated he faced retaliatory action for having testified in the investigation before the Puerto Rico Senate, was not paid for the work day he appeared to comply with the subpoena issued, having to take regular leave,[10] and was subject of other work harassment regarding demands to perform work for which he had received no training or job duties.

Plaintiff Cora-Reyes received upon return from his regular vacation a letter of intent to impose disciplinary action of a forty (40) days suspension from work and pay without any prior notice of any investigation having been conducted.  In addition, some days plaintiff had worked were deducted as vacation leave and there had been no correction to this notwithstanding claims.  He also claims he was denied military leave since 2007 for

---

[10]  Cora-Reyes refers also to having this federal court previously issued an order in Criminal No. 06-202 (PG) in U.S. v. P.R. Aqueduct & Sewer Authority prohibiting any reprisals against employees who cooperate in denouncing illegal acts of PRASA in respect to pollutants in violation of the Clean Water Act, for fifteen violations to 33 U.S.C. §1319(c)(2)(A) at nine waste-water treatment plants, five drinking water plants and Martin Peña creek, wherein PRASA as defendant, was sentenced to five year probation and payment of a $9 million fine.  However, neither plaintiff nor defendant have addressed the propriety of this order and Cora-Reyes' standing as to same.

training and drills and had to avail of his annual leave for this purpose, which he claims is contrary to PRASA's proceedings.

Once there is a *prima facie* case of discrimination, as already discussed above, a defendant may still articulate a non-discriminatory basis for adverse employment action and prove by a preponderance of the evidence that the adverse action would have been taken regardless of any discriminatory political motivation.  If a plaintiff had engaged in a protected activity, such as political affiliation to opposing party, adverse employment actions that are claimed as retaliatory would need to be assessed under the burden shifting mechanism of Mt. Healthy, which is one to be appropriately assessed under summary judgment and not under a motion to dismiss.  A defense may be adjudicated on a motion to dismiss for failure to state a claim, as long as the facts establishing the defense are definitely ascertainable from the complaint and other allowable sources of information and those facts suffice to establish the affirmative defense with certitude.  Rodi v. Southern New England School of Law, 389 F.3d 5 (1st Cir. 2004).

Defendants' mere averment, without more, that there was a general reclassification at the government agency, fails to rebut plaintiff Cora-Reyes' allegations in the complaint that he was subject of an adverse employment action that he was unduly transferred twice and his job scale was reduced from scale 16 to scale 11, that he was left without job duties

and was not assigned any work, was left without a telephone and office equipment, was not allowed to perform his work and was subject of reprimands as to work for which he had been denied training or assistance.[11]

At this stage of proceedings and with the parties' submissions, this Magistrate Judge deems unnecessary to convert the motion to dismiss into one for summary judgment, more so in the absence of supplemental material in support of the parties' allegations from which it may be ascertained their respective contentions.  A motion to dismiss is not an occasion to prove or disprove the facts in the Complaint but one in which the Court assumes that all facts properly and adequately alleged in the complaint are true and makes all reasonable inferences from those facts in plaintiff's favor.  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).[12]

As such, at this stage of the proceedings, plaintiff's allegations as to the retaliatory actions are deemed sufficient and dismissal of these claims is unwarranted.

**1. Fair Labor Standards Act Claim.**

Defendants seek dismissal of any violation claim under the Fair Labor Standards Act ("FLSA").  The only reference in the Amended Complaint as to violation of fair labor acts

---

[11]   The task in adjudicating a motion to dismiss for failure to state a claim is not to decide whether the plaintiff will ultimately prevail but whether he is entitled to undertake discovery in furtherance of the sufficiently pleaded claims.

[12]   Alternative Energy, Inc. V. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (in ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint construe all reasonable inferences in favor of the plaintiff).

appears at pp. 4-5, wherein the reclassification and alleged demotion is stated to have been a violation under Title 29, United States Code, Section 215(a)(3) and §216. *Amended Complaint ¶5.*

Plaintiff Cora-Reyes in opposition states generally he engaged in protected activity under the FLSA and endured retaliation in employment. To establish a prima facie case of retaliatory employment action in violation of FLSA, the employee must demonstrate his engagement in statutorily protected activity, the fact of the adverse employment action, and a causal connection between the former and the latter. Kearney v. Town of Wareham, 316 F.3d 18 (1st Cir. 2002). To establish a causal relation, plaintiff would need to prove that he would not have suffered an adverse employment action but for the assertion of his FLSA rights. Wolf v. Coca Cola Co., 200 F.3d 1357, 1343 (11th Cir. 2000). A plaintiff can satisfy this burden if he can prove a "close temporal proximity" between the time the employer learned about the protected activity and the adverse employment action. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007). This standard requires that the actions be very close. Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511 (2001) (quoting O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1253 (10th Cir. 2001)). Even a delay of "three to four month[s] does not suffice. Thomas, 506 F.3d at 1364.

Section 216 provides for any employer who violates Section 215(a)(3) to be liable for legal or equitable relief to effectuate the purposes of said section, for an additional equal amount as liquidated damages. Section 215 prohibits: "(3) to discharge or in any other manner discriminate against any employee because such employee *has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter,*

Luis A. Cora Reyes v. Puerto Rico Aqueduct and Sewer Authority (PRASA), et al
Civil No. 08-1239 (FAB/CVR)
Opinion and Order
Page 17

*or has testified or is about to testify in any such proceeding,* or has served or is about to

serve on an industry committee;" (emphasis supplied).  The statute refers to  provisions

related to minimum wage and sex discrimination at Section 206 and workweek longer than

forty hours at Section 207.

Plaintiff Cora-Reyes has not submitted any further support for a claim under the

FLSA as to the protected activity or a causal relation to be minimally assessed from the

Amended Complaint.[13]  As such, the Amended Complaint is devoid of the minimum

requirements that would claims under FLSA under the requisite of Bell Atlantic.[14]

As such, defendants' request for dismissal of any possible claims as to the Fair Labor

Standards Act is **GRANTED**.

**2. USERRA[15] Claim.**

Plaintiff has included a claim upon being a member of the National Guard and the

denial of military leave for training or exercise.  Defendants seek dismissal of the claim

under the burden shifting mechanism applicable to this statute for plaintiff Cora-Reyes' not

---

[13]   Blackie v. State of Me., 75 F.3d 716, 723 (1st Cir. 1996)

[14]   *See* 10 No. 6 Employer's Guide Fair Lab. Standards Act (2003) - protected activity under said Act may include the filing of a complaint with the U.S. Dept. Of Labor, cooperating with the Wage and Hour Division, and even some informal complaints about wage and hours.  An allegation of unfairness does not fall under the FLSA.  *See also*  Cordero v. Turabo Medical Center, 175 F.Supp.2d 124 (D. Puerto Rico 2001) (protected activity refers to those claims that may fall under the FLSA); Valerio v. Putnam Assoc., Inc., 173 F.3d 35 (1st Cir. 1999) (protected activity for claiming overtime and the resulting retaliation in violation of the FLSA); and see Janice M. Graham, J.D., *Employee's protection under the Fair Labor Standards Act*, 101 ALRFed. 220 (1991).

[15]   The purposes of USERRA, enacted in 1994, are: (1) to encourage noncareer service in the uniformed services[FN6] by eliminating or minimizing the disadvantages to civilian employment which can result from such service; (2) to provide for the prompt reemployment of persons returning to civilian jobs from military service and to minimize the disruption [of their] lives ... as well as [to those of] their employers, fellow employees and communities; and (3) to prohibit discrimination against persons because of their service in the uniformed services. Title 38, United States Code, Section 4301.

establishing the substantial and motivating factor of discrimination behind the denial of one instance of military exercise while plaintiff had been working during almost eighteen years with PRASA and not previously having any problem with the request for military leave. Additionally, defendant submits USERRA does not provide for vindication on grounds asserted by plaintiff Cora-Reyes as to hostile work environment.  (Docket No. 42, pp. 20-24).

Under USERRA, employers cannot refuse to allow employees to take leave for military duty, or to attend scheduled drills or annual training. Nor can employers require an employee to reschedule drills, annual training or any other military-duty obligation. Still, USERRA does not require an employer to pay an employee who is on military leave, but state laws may impose that requirement.[16]  *See* Díaz Gandía v. Dapena-Thompson, 90 F.3d 609 (1st Cir. 1996) (the statute prohibits an employer from taking adverse action with respect to an employee because of any obligation as a member of the Reserved or Armed Forces and deters discriminatory employment action based solely on employee's reservist responsibilities).

Plaintiff's claim under USERRA stems from the denial of leave for military training and/or exercise with the Puerto Rico Army National Guard, which although might be amenable to establish a pattern of employment discrimination,  would not be covered by

---

[16]   The Amended Complaint does not refer to the denial of leave for military training in one occasion as some kind of retaliation for denying a benefit of employment on the basis of membership or obligation of armed or reservists service insofar as the purpose of the statute of guaranteeing equality of treatment with respect to military and non-military leaves.  38 U.S.C. §4311(c)(1).

Luis A. Cora Reyes v. Puerto Rico Aqueduct and Sewer Authority (PRASA), et al
Civil No. 08-1239 (FAB/CVR)
Opinion and Order
Page 19

the statute in question.[17]  Additionally, plaintiff's main contention is discrimination because of political affiliation not because of his status as a reservist or armed forces member upon which the denial of leave could be link to Cora-Reyes' reservists status in the Puerto Rico National Guard.

The term "uniformed services" in the provisions of USERRA refers to the Armed Forces, the Army National Guard and the Air National Guard or full time National Guard duty, the commissioned corps of the Public Health Service and any other category of persons designated by the President in time of war or national emergency. *See* 38 U.S.C.A. §4303(16).  It does not apply to call-ups of the national guard by a State and it is for state laws to provide protection for such duty.  Plaintiff Cora-Reyes has not submitted what state law he is requesting to cover the rights he claims were denied in regards to military leave he had requested for the Puerto Rico Army National Guard drills and/or training[18] and does not indicate he was call for duty nor was active at the time the denial occurred.[19]

Considering the above discussed, the motion to dismiss as to USERRA claims is **GRANTED**.

---

[17]  Military service being a motivating factor in the employment decision does not mean it had to be the sole cause of the employment action.  Miller v. City of Indianapolis, 281 F.3d 648 (7th Cir. 2002).

[18]  Barreto v. ITT World Directories, Inc., 62 F.Supp.2d 387 (D. Puerto Rico) (under Puerto Rico military status discrimination statute the employer's liability is limited to reinstatement and back pay and no damages could be recovered); 25 L.P.R.A. § 2001 *et seq.*

[19]  The Amended Complaint submits a narrative explanation of plaintiff Cora-Reyes' previous military service back in 1990-1991 and the denial of "military leave" therein  refers to year 2007.  *Complaint ¶¶ 21, 27, 117.*

## D.  Claims for Conspiracy under Sections 1985 and 1986.

Defendants seek dismissal of plaintiff Cora-Reyes' civil rights conspiracy claims under Sections 1985 and 1986 for there is no person or class protected thereunder as to political discrimination.

The Forty-second Congress sought through Section 1985(3) conspiracy to provide a cause of action against individuals who conspire:

> [I]f two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly, or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws... 42 U.S.C. 1985(3).

Section 1985 has three (3) subsections, each of which sets forth a distinct cause of action.  The first two sections are not applicable in this case: Section 1985(1) protects federal officers from those conspiring to prevent (by force, intimidation or threat) the officer from discharging his/her duties.   Section 1985(2) protects parties and witnesses in federal court from conspiracies to deter them from appearing or testifying.[20]  However, Section 1985(e) is broader in its reach and prohibits, in general terms, conspiracies to violate civil rights.  Section 1986 extends liability to persons who knowingly fail to prevent conspiracies under Section 1985.

---

[20]   Although plaintiff Cora-Reyes makes a claim of attempt to deter him from testifying after being subpoenaed, the testimony was before a Puerto Rico Senate Committee and is not covered by this provision.  Neither has the Amended Complaint indicated that Cora-Reyes participated in a federal criminal case against PRASA as to which a protective order to avoid retaliation was issued.

Still, Section 1985(3) proscribes certain enumerated conspiracies, to protect any person or class of persons of the equal protection fo the laws or of equal privileges and immunities under the law.  To state a claim under said Section 1985(3) a plaintiff must allege the existence of a (1) conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of the equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege.  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). *See* Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798 (1971).

In Griffin, the Supreme Court placed a gloss on these four elements by effectively adding a fifth requirement.  It construed the statute's reference to "equal protection" and "equal privileges and immunities under the laws" to signify a plaintiff may recover thereunder only when the conspiratorial conduct of which he complains is propelled by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus". *Id.*

Interpretations by the Supreme Court after Griffin have been conductive in limiting the scope of this provision so not to equate it with a general federal tort law and, thus, the intent behind the conspiracy acts require to deprive of equal protection or equal privileges and immunities, meaning some racial or otherwise class-based invidiously discriminatory animus.  United Broth. Of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 103 S.Ct. 3352 (1983) (affirming previous limitations on Section 1985(3) conspiracies and are not to reach conspiracies motivated by political or economic bias).

Luis A. Cora Reyes v. Puerto Rico Aqueduct and Sewer Authority (PRASA), et al
Civil No. 08-1239 (FAB/CVR)
Opinion and Order
Page 22

The Court of Appeals for the First Circuit has defined a civil rights conspiracy as:

a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages. " *See* Earle v. Benoit, 850 F.2d 836, 844 (1st Cir.1988) (*citing* Hampton v. Hanrahan, 600 F.2d 600, 620-21 (7th Cir.1979), rev'd in part on other grounds, 446 U.S. 754, 100 S.Ct. 1987 (1980)).

Plaintiff Cora-Reyes alleges in the Amended Complaint the defendants' conduct was motivated by his political affiliation. The debate of whether membership in a political party, absent racial bias, falls within the scope of a Section 1985(3) protected class subsequent to United Broth. Of Carpenters and Joiners of America v. Scott continues with some courts ruling in its favor[21] and others against it.[22]

In Santana v. Calderón, 188 F.Supp.2d 160 (D. Puerto Rico 2002), the Court dismissed a Section 1985(3) conspiracy at the level of motion to dismiss, under a similar set of facts as the one herein and above premises. *See* Torres Rosado v. Rotger Sabat, 204 F.Supp.2d 252 (D. Puerto Rico 2002). Since the First Circuit Court of Appeals has not yet issued an opinion on whether Section 1985(3) conspiracies based exclusively on political

---

[21] Political association found to be a protected class: Gleason v. McBride, 869 F.2d 695 (2d Cir. 1989); Conklin v. Lovely, 834 F.2d 543, 549-50 (6th Cir. 1987); Concepción v. Zorrilla, 309 F.Supp2d 201 (D. Puerto Rico 2004); Dohner v. Neff, 240 F.Supp.2d 692, 705 (N.D. Ohio 2002); Larkin v. Town of West Hartford, 891 F.Supp. 719, 731 (D. Conn. 1995).

[22] Political association found not to be a protected class: Rivera Sánchez v. Autoridad de Energía Electrica, 360 F.Supp.2d 302 (D. Puerto Rico 2005); Grimes v. Smith, 776 F.2d 1359 (7th Cir. 1985); Brown v. Reardon, 770 F.2d 896, 907 (10th Cir. 1985); Harrison v. KVAT Food Mg., Inc., 766 F.2d 155 (4th Cir. 1985); D'Aurizio v. Palisades Park, 963 F.Supp. 387, 393 (D. N.J. 1997).

discrimination falls within the scope of the statute, this Magistrate Judge follows previous decisions in this particular district ruling against extending the scope of Section 1985(3) to conspiracies based exclusively on political discriminatory animus.[23]

It is thus considered there is no claim under Section 1985(3) and 1986 that may survive and the requested dismissal is **GRANTED**.

**E.  Pendent State Claims.**

Defendants seek dismissal of state pendent claims resting on the granting of dismissal as to all substantial federal claims, which is not the situation in the case herein and federal causes of action are not being dismissed in their totality.

Pendent or supplemental jurisdiction exists whenever there is a claim arising under the Constitution, the laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute but one constitutional case.  The state claims must be linked to the federal claim by a "common nucleus of operative facts", and must be sufficiently substantial to confer federal court jurisdiction.  United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966); Rodríguez v. Doral Mortgage, 57 F.3d 1168, 1175 (1st Cir. 1995).  The exercise of pendent jurisdiction as to plaintiffs' state claims are subject to the Court's discretionary power.

---

[23]  *See* Rivera Sánchez v. Autoridad de Energía Eléctrica, 360 F.Supp.2d 302 (D. Puerto Rico 2005); Torres Ocasio v. Meléndez, 283 F.Supp.2d 505, 518 (D. Puerto Rico 2003); Reyes v. Municipality of Guaynabo, 59 F.Supp.2d 305, 310 (D. Puerto Rico 1999); Morales Narváez v. Rosselló, 852 F.Supp. 104, 114-5 (D. Puerto Rico 1994); Rodríguez v. Nazario, 719 F.Supp. 52, 55-6 (D. Puerto Rico 1989).

As such, this Court determines to exercise the discretionary authority over pendent state claims filed in the Amended Complaint.

## CONCLUSION

In view of the above discussed, defendants' Motion to Dismiss (Docket No. 42) is **GRANTED IN PART AND DENIED IN PART** as follows:

- **GRANTED** as to claims filed in the Amended Complaint under the FLSA, under USERRA and for conspiracy under Sections 1985 and 1986.

- **GRANTED** as to all claims filed against co-defendants Eng. José A. Ortíz, José S. Medina Cruz and José Molina for failure to state a cause of action as to which a relief may be granted under Fed.R.Civ.P. 12(b)(6) and as to these co-defendants the case is to be DISMISSED WITH PREJUDICE.

- **DENIED** as to all other causes of action.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 6th day of February of 2009.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE
