IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS A. CORA REYES,

    Plaintiff,

    v.

PUERTO RICO AQUEDUCT AND
SEWER AUTHORITY (PRASA), ET AL.,

    Defendants.

CIVIL NO. 08-1239 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

    Above plaintiff Luis A. Cora Reyes (hereafter plaintiff "Cora-Reyes") filed an Amended Complaint against defendants the Puerto Rico Aqueduct and Sewer Authority (hereafter "PRASA") and co-defendants Belkin Nieves, Esq., Eng. Pablo Reyes-Bonilla, Obed Morales, Esq., and Esteban Cátala-Núñez, for civil rights violations under Title 42, United States Code, Sections 1983, 1985, 1986; Title 38, United States Code, Section 4301 (Uniformed Services Employment and Re-employment Act known as "USERRA") and Title 5, United States Code, Section 3501 ("Veterans' Preference Act"), as well as damages under the laws of the Commonwealth of Puerto Rico, in particular Articles 1802 and 1803, and Law Nos. 115 and 100 on discrimination.[1] *See Amended Complaint, Docket No. 24.*

    The Amended Complaint includes defendant PRASA, a public corporation where plaintiff Cora-Reyes is employed as a career employee and wherein he alleges a

---

[1] This Magistrate Judge already dismissed plaintiff Cora-Reyes's claims under FLSA, USERRA and conspiracy under sections 1985 and 1986. Claims against co-defendants Eng. José Ortíz, José Medina and José Molina were dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and plaintiff voluntarily dismissed claims as to all defendants under the Fifth Amendment and all claims against Eng. Jorge Rodríguez. Thus, only a Section 1983 action remains under federal law and the pendent state law claims.

constitutional violation because of discrimination due to political affiliation and for related local laws. It also includes as co-defendants the heads of the agency at various times, to wit; Eng. Jorge Rodríguez and Eng. José Ortíz-Vázquez, in their official and personal capacities, Mr. Pablo Reyes Bonilla, then Chief of Occupational Hygiene, Attorneys Obed Morales and Esteban Catala Núñez, Legal Counsels for PRASA, Atty. Belkin Reyes of the Personnel Division, as well as co-defendants Messrs. José Molina and José S. Medina-Cruz of Corporate Security.

Co-defendants PRASA, Belkin Nieves, Pablo Reyes-Bonilla, Obed Morales and Esteban Cátala-Núñez (the remaining "defendants") filed a joint Motion for Summary Judgment, a statement of uncontested material facts and memorandum of law. (*Docket Nos. 299, 301 and 302*). The corresponding translated documents were thereafter filed. (*Docket No. 304*).[2]

Plaintiff Cora-Reyes filed his opposition to the motion for summary judgment, with its statement of uncontested facts and memorandum in opposition. *(Docket Nos. 309, 310 and 311)*. The corresponding exhibits were refiled and subsequently translated. *(Docket Nos. 319 and 326)*.

The co-defendants submit the uncontested record shows their actions were not motivated by any discriminatory reason but rather were reasonable business decisions based on the enabling act and regulations of PRASA, for which summary judgment should be allowed.

---

[2] Exhibit 1 submitted a three hundred eighteen pages deposition of plaintiff Cora-Reyes, which seemly defendants expected the Court to scrutinize on its own since evidently the fifteen-page statement of uncontested facts could not address all the issues therein raised as to plaintiff's testimony. As such, the Court will assess only those portions of Exhibit 1 that are specifically referred to in the uncontested statements.

Luis Cora-Reyes v. P.R. Aqueduct & Sewer Authority, et al
Civil No. 08-1239 (CVR)
Opinion and Order
Page No. 3

Plaintiff Cora-Reyes' opposition states he need not address all of defendants' assertions for summary judgment upon considering the docket of the case clearly reflects the different incidents in the case and the averments of the complaints comply with a *prima facie* burden. Plaintiff also submits defendants' statement of uncontested material facts is mostly not material or the evidence therein is inadmissible or the affiant was not competent to testify on the matters asserted. We agree with plaintiff and we further discuss.

**STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

**LEGAL ANALYSIS**

The co-defendants submit the alleged adverse employment actions of being transferred from Caguas to the SEDE, being reclassified to another position from Work-Related Accident Investigator to Special Investigator resulted in a higher scale and more monetary remuneration for which reason these actions should not amount to an adverse employment action. In addition, the requirement to approve a probationary period for the new position was not prejudicial to plaintiff Cora-Reyes who remains as a career employee. Defendants also aver the claims of harassment by a supervisor resulting notice of forty-five (45) days disciplinary work suspension was not due to political discrimination or because of any participation in an investigation conducted by the Puerto Rico Senate by plaintiff Cora-Reyes. Defendants consider their actions to be genuine business decisions resulting

from plaintiff's behavior and work performance which they claim is undisputed by the evidence.

Since plaintiff Cora-Reyes has not been dismissed nor has he lost monetary benefits or remuneration in employment, defendants submit the relocation and/or reclassification changes that served as grounds for the claimed adverse employment actions as to plaintiff Cora-Reyes failed to be of such magnitude which would cause reasonably hardy individuals to compromise their political beliefs as to which the complaint herein does not pass muster. *See* Agosto de Feliciano v. Aponte Roque, 889 F2d. 1209, 1218 (1st Cir. 1989); Bisbal-Ramos v. City of Mayaguez, 467 F.3d 16, 22 (1st Cir. 2006).[3]

In opposition to the summary judgment, plaintiff Cora-Reyes rebuts defendants' uncontested material facts, relying in the deposition testimonies at Exhibits 2 and 3 of Reynaldo Baez and Alexis Santiago, who had no participation at the time in the reclassification and retribution plan at PRASA and cannot provide any personal knowledge of the administrative process represented by the defendants as supporting PRASA's actions against plaintiff as a business decision.

Regarding the non-adverse employment action for having Cora-Reyes received some increases in the monetary retribution in employment, plaintiff submits this was due to his performance at work and also because he had then attained a master's degree in labor relations.

---

[3] Where a challenged employment action falls short of discharge or dismissal, plaintiff will need to show by clear and convincing evidence he was subjected to an unreasonable inferior work environment when compared to the norm for the position. Plaintiff will need to show permanent or at least sustained worsening conditions to reach the threshold of constitutional injury. Agosto-De-Feliciano, 889 F.2d 1217-1219.

Insofar as the claim of some previous settlement reached between PRASA and plaintiff Cora-Reyes because of work conditions dispute back in June 6, 2000, defendants were deemed to have breached the settlement agreement which included plaintiff not being subject to probationary period, allowance of payment of *per diem* and transportation and a guaranteed salary scale for the position. *Plaintiff' Exhibit 9.* Cora-Reyes admits, however, he agreed to be reclassified to the position of Investigator of Work Related Accidents but with the agreed upon salary scale of XVI. *Defendant's Uncontested ¶12; Plaintiff's Uncontested ¶16.*

Plaintiff Cora-Reyes states that, since the transfer on July 19, 2007, he has been subject to hostile work environment and persecution, including among others, denial of training, capacitation and education, working in a cubicle without equipment, telephone or conference room, being left without work, not receiving performance evaluations to end his new probationary period, and receiving letters informing he was not complying with his responsibilities or routine activities at PRASA. Although defendants claim no loss of remuneration in employment was caused by the reclassification of Cora-Reyes' position, plaintiff submits he received a lower salary scale which was even in breach of the guarantees he had obtained as part of a settlement agreement he had received with PRASA back on June of 2000.

Insofar as another employee claimed by defendants to have been similarly situated and reclassified, Cora-Reyes refers this other individual was indeed provided with an

increase in salary scale from a nine (9) to an eleven (11), while Cora-Reyes was demoted from a sixteen (16) to an eleven (11) scale.

As to inferior work conditions, plaintiff Cora-Reyes was assigned to be supervised by one Esteban Cátala-Núñez, whom plaintiff Cora-Reyes had supervised years before and occupied the same position he held when Cora-Reyes was his supervisor, leading to a perceived demotion of plaintiff. *Exhibit 27, Cátala-Nuñez' depo., pp. 186-187.*

Plaintiff Cora-Reyes received, upon return from his regular vacation, a letter of intent to impose disciplinary action of a forty (40) days suspension from work and pay without any prior notice of any investigation having been conducted. Defendants aver plaintiff Cora-Reyes, having been explained how to submit the reports task of the position, failed to timely submit same, being such the reason for the suspension. *Defendants' Uncontested ¶¶ 45-46, 49-51.* Plaintiff's opposition indicates to the contrary; that the supervisor Cátala-Núñez did not explain nor train Cora-Reyes in the new duties, nor was he provided with an office space to perform the job, or computer, cellular phone, desk or chair, but was rather assigned to a conference room and was given no training on how to perform the new job duties. *Plaintiff's Uncontested ¶¶49-50, 53; Exhibit 48, Cátala's depo., pp. 50-52, Cora's depo., Exhibit 52, pp. 119-121.*

Once there is a *prima facie* case of discrimination, prior to these claims having fallen under controversies of material fact, a defendant may articulate a non-discriminatory basis for adverse employment action and prove by a preponderance of the evidence that the adverse action would have been taken regardless of any discriminatory political motivation.

Luis Cora-Reyes v. P.R. Aqueduct & Sewer Authority, et al
Civil No. 08-1239 (CVR)
Opinion and Order
Page No. 8

If a plaintiff had engaged in a protected activity, such as political affiliation to opposing party or for having participated in Senate investigation as to employment conditions at PRASA, adverse employment actions which are claimed as retaliatory would need to be assessed under the burden shifting mechanism of Mt. Healthy, which is one to be appropriately assessed under summary judgment. Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 286-97, 97 S.Ct. 568 (1977). Even if plaintiff shows that political affiliation was a substantial factor in the adverse employment action, there would be no constitutional violation if the defendant can show both, that (I) it would have taken the same action in any event, and (ii) it would have taken the same action for reasons that are not unconstitutional. Both distinct questions must be answered affirmatively in favor of defendant for the defense to prevail. *See* Sánchez-López v. Fuentes-Pujols, 375 F.3d 121 (1st Cir. 2004). Defendants at this stage have failed as to both submissions in the presence of genuine controversies of material fact.[4]

       Defendants' averment was there was a general reclassification at the government agency. This was submitted through the deposition testimonies of Reynaldo Baez and Alexis Santiago to substantiate the legitimate business decision in reclassifying Cora-Reyes' position. *Defendants' Uncontested ¶¶ 3-4; Exhibits 2,3*. Plaintiff Cora-Reyes rebutted these deposition testimonies as not only lacking in personal knowledge of the affiants, but also insufficient to attest to the reclassification plan, in addition to submissions that he was

---

[4] The Mt. Healthy defense being a freedom of speech case, has been routinely applied to political discrimination cases under Elrod/Branti/Rutan wherein political patronage restrains freedom of belief and association, core activities protected by the First Amendment. *See* Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673 (1976); Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287 (1980); Rutan v. Republican Party, 497 U.S. 62, 110 S.Ct. 2729 (1990).

involuntarily transferred twice and his job scale was reduced, that he was left without job duties and was not assigned any work, was left without a telephone and office equipment, was not allowed to perform his work and was subject of reprimands as to work for which he had been denied training or assistance, as well as breach of the previous settlement agreement regarding probationary period and payment of *per diem*.[5] Such acts are sufficient to establish a pattern which creates a controversy of material facts and rebuts the employer's proffered reasons were but a pretext for discrimination. Medina-Muñoz v. R.J. Reynolds Tobacco Co., 898 F.2d 5, 9 (1st Cir. 1990).

Furthermore, at summary judgment, all inferences are taken in favor of the non-movant and plaintiff Cora-Reyes has established there is no controversy that he engaged in protected activity and endured retaliation in employment shortly upon having participated in a Senate investigation and receiving thereafter notice of forty (40) work days suspension. Issues must be not only genuine or material, but evidence relevant to the issue viewed in light most flattering to non-movant must be open-ended enough to permit rational fact finder to resolve issue in favor of either side. The evidence to be assessed cannot be conjectural or problematic but must have substance in the sense that it limns the different versions of truth which a fact finder must resolve. National Amusements, Inc. v. Town of Dedham, 43 F.3d 731 (1st Cir. 1995).

Thus, not only is there a *prima facie* case of retaliatory employment action, but controversy of facts on the causal connection between the former and the latter, resulting

---

[5] Exhibit 44, refiled as Exhibit 6 to Docket No. 326.

Luis Cora-Reyes v. P.R. Aqueduct & Sewer Authority, et al
Civil No. 08-1239 (CVR)
Opinion and Order
Page No. 10

in a credibility determination becoming necessary to elucidate the parties' contention. Kearney v. Town of Wareham, 316 F.3d 18 (1st Cir. 2002). To establish a causal relation, plaintiff would need to prove that he would not have suffered an adverse employment action but for the assertion of his rights. Wolf v. Coca Cola Co., 200 F.3d 1357, 1343 (11th Cir. 2000). A plaintiff can satisfy this burden if he can prove a "close temporal proximity" between the time the employer learned about the protected activity and the adverse employment action. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007). This standard requires that the actions be very close. Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511 (2001) (quoting O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1253 (10th Cir. 2001)). In the present case, plaintiff Cora-Reyes has presented sufficient evidence to contravene defendants' position for which summary disposition is not warranted.

Furthermore, courts should exercise particular caution before granting summary judgment for employers when discrimination actions rest on such issues as pretext, motive and intent. In the present case, this Magistrate Judge considers there are genuine issues of material fact as to whether the employer's proffered non-discriminatory reasons are pretextual, for which summary judgment is not appropriate. Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46 (1st Cir. 2000); Hodgens v. General Dynamics Corp., 144 F.3d 151, 167 (1st Cir. 1998).

Luis Cora-Reyes v. P.R. Aqueduct & Sewer Authority, et al
Civil No. 08-1239 (CVR)
Opinion and Order
Page No. 11

There is no need to individually address all the controversies of fact that are present in this case[6] since those that were deemed material and sufficient to the summary judgment disposition were succinctly discussed above and are considered sufficient not to grant defendants' request. Facts which are not material or not significantly probative, require only *a brevis* disposition at this stage. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986).

Defendants have reiterated their claim already discussed in a motion to dismiss that plaintiff has failed to state a cognizable claim under Section 1983, without affording any significant discussion except that the facts support the causal connection between defendants' conduct and the deprivation of constitutional right is lacking in the complaint. Defendants' averment is they acted within the scope of their duties under PRASA's enabling law and regulations or following their supervisor's instructions. This Magistrate Judge reaffirms its previous Opinion and Order of February 6, 2009, that the Section 1983 claims survive as to all defendants, except for those thereunder dismissed under Fed.R.Civ.P. 12(b)(6). Likewise as to discussion of a continuous violation not being present for the purpose of once more discussing the Section 1983 claims as being time barred. (*Docket No. 150*).

As to qualified immunity, besides the corresponding case law definitions, no specific discussion of its applicability as to any particular defendant was addressed. The assertion

---

[6] Plaintiff Cora-Reyes has rebutted at the level of summary judgment defendants' uncontested issues of material facts as to instances of employment actions that would seem to reflect, but not without some credibility determinations, a pattern of job discrimination, that is more properly to be elucidated by a trier of facts.

that Law No. 92, as justification to PRASA's reorganization and ensuing reclassification of positions which resulted in the elimination of plaintiff Cora-Reye's position, is neither adequately submitted nor sufficient to warrant support for qualified immunity.

## CONCLUSION

In view of the above discussed and there being genuine issues of material fact in controversy, defendants' Motion to for Summary Judgment is **DENIED**. (*Docket No. 299*).

IT IS SO ORDERED.

San Juan, Puerto Rico, this 22nd day of March of 2010.

                                      s/CAMILLE L. VELEZ-RIVE
                                      CAMILLE L. VELEZ-RIVE
                                      UNITED STATES MAGISTRATE JUDGE